**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EDWARD DONAHUE, Derivatively on**<br>**Behalf of Biglari Holdings, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO. SA-13-CA-578-FB** |
| | ) | |
| **SARDER BIGLARI, PHILIP L. COOLEY,**<br>**RUTH J. PERSON, KENNETH R.**<br>**COOPER, WILLIAM L. JOHNSON,**<br>**JAMES P. MARSTRAIAN, and**<br>**BIGLARI HOLDINGS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**
**TO THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION**

Before the Court is Defendants' Motion to Transfer Venue.  (Docket no. 25).  Plaintiff filed no response in opposition to the motion to transfer.

Defendants move to transfer this shareholder derivative action to the United States District Court for the Southern District of Indiana, where a previously filed and substantially further advanced further action involving identical parties is pending.  *See Chad R. Taylor v. Sandar Bilgari, et al.,* Cause No. 1:13-cv-0891-MJD.  A transfer is requested pursuant to the well established first filed rule in order to avoid a duplication of efforts and the possibility of inconsistent rulings in the two matters.  *Cadle Co. v. Whataburger, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999); *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir. 1971).  After careful consideration of the motion, the pleadings on file and the entire record in this matter, the Court is of the opinion the motion should be granted.

IT IS THEREFORE ORDERED that Defendants' Motion to Transfer Venue (docket no. 25) is GRANTED such that this case is TRANSFERRED from the United States District Court for the Western District of Texas, San Antonio Division, to the United States District Court for the Southern District of Indiana, Indianapolis Division.

It is so ORDERED.

SIGNED this 9th day of January, 2014.

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE